

Kaufman Dolowich & Voluck, LLP
Four Penn Center
1600 John F. Kennedy Blvd., Suite 1030
Philadelphia, PA 19103
Telephone: 215-501-7002
Facsimile: 215-405-2973

*Richard J. Perr, Esquire*
*rperr@kdvlaw.com*

www.kdvlaw.com

September 1, 2020

**VIA ECF**

The Honorable Lorna G. Schofield
U.S.D.C. S.D.N.Y.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Defendant's request for a pre-motion discovery conference is construed as a motion to stay pending resolution of Defendant's motion to dismiss, or, in the alternative, motion to stay (Dkt. Nos. 43-44), and is DENIED.

So Ordered.
Dated: September 2, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re: *Francis Didonato on behalf of himself and all others similarly situated v. GC Services Limited Partnership and Financial Asset Management Systems, Inc.*, U.S.D.C., S.D.N.Y., Civil Case No. 1:20-02154-LGS

Dear Judge Schofield:

Pursuant to Local Rule 37.2 and this Court's Individual Rules II.B.2, III.A.1 and III.C.3, GC Services Limited Partnership ("GC Services") submits this pre-motion letter and respectfully requests the Court schedule a pre-motion discovery conference for September 16, 2020 regarding GC Services' request for a stay of discovery pending resolution of its Motion to Dismiss or, in the Alternative, to Stay (hereinafter "Motion"). (Docs. 43-44). The Parties have met and conferred, and Plaintiff opposes a stay of discovery. Defendant Financial Asset Management Systems, Inc. joins in this request.

## I. Background

On August 28, 2020, GC Services moved to dismiss the First Amended Complaint pursuant to Rule 12(b)(6), or alternatively to stay the action pending either further guidance from the bankruptcy court on the interpretation of its discharge order; or guidance from the Second Circuit on the scope of 11 U.S.C. §523(a)(8)(A)(ii). (Docs. 43-44). The parties will complete briefing on the Motion on September 18, 2020. (Doc. 42).

The close of fact discovery is currently scheduled for November 9, 2020. (Doc. 28). In the August 13, 2020 Joint Status letter, the Parties noted that "if a motion for a stay is denied" they "anticipate that they will be requesting a three (3) month extension of the November 9, 2020 discovery deadline." (Doc. 39).

## II. A Stay of Discovery Serves the Goals of Judicial Economy and is Appropriate Here

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court has discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). The Court may also control the timing and sequence of discovery pursuant to Federal Rule of Civil Procedure Rule 26(d). Good

cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay. *See Anti–Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120, 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996) (collecting cases); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

GC Services is seeking a stay of discovery in the interest of judicial economy and efficiency given the significant resources and expenses required for discovery, which may ultimately be unnecessary should the Court grant the Motion. Fed. R. Civ. Proc. 1; *Negrete v. Citibank, N.A.*, 2015 WL 8207466 (S.D.N.Y. Dec. 7, 2015). All of the factors weigh in favor of granting the requested stay.

First, GC Services' Motion challenges the Complaint as a matter of law, not just the sufficiency of the allegations, and therefore the outcome of the motion has the potential to resolve the suit in its entirety. "A stay of discovery is proper where the pending dispositive motion 'appears to show substantial grounds' or 'does not appear to be without foundation in law.'" *Reyes v. W.D. Henry & Sons, Inc*., No. 18-CV-1017V(F), 2019 WL 483318, at *2 (W.D.N.Y. Feb. 7, 2019) (quoting *Johnson v. New York Univ. School of Educ*., 205 F.R.D. 433, 434 (S.D.N.Y. 2002)). Because the Motion is potentially dispositive and is not unfounded in the law, a stay serves the interest of judicial economy. *Johnson v. NYU,* 205 F.R.D. at 434.

Second, the requested stay would not unduly delay discovery in this matter. "A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Rivera v. Heyman,* No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb.27, 1997). Moreover, the Parties' August 13, 2020 Joint Status already notes the Parties' need to for additional time to complete fact discovery. (Doc. 39). Thus, a delay pending resolution of the Motion will not prejudice any party as a need for more time to complete discovery is already anticipated.

Finally, Plaintiff has served extensive discovery requests related to both his individual and class claims including a broad subpoena to Navient. *See Anti–Monopoly, Inc.*, 1996 WL 101277, at *3 (noting two related factors a court may consider in deciding a motion for a stay of discovery are the breadth of discovery sought and the burden of responding to it). The breadth of the requests is significant in scope and expense. Plaintiff has sought documents and information going back to 2005. Plaintiff has also sought extensive information related to the putative class, which he asserts in his Complaint "will likely exceed 10,000." Responding to these expansive discovery requests would place a tremendous burden on GC Services particularly in light of its Motion which may dispose of this action in its entirety.

**III. Conclusion**

For these reasons, GC Services respectfully requests a stay of discovery pending resolution of its Motion to Dismiss. Alternatively, GC Services requests the Court stay class discovery.

Respectfully,

/s/ Richard J. Perr
RICHARD J. PERR

cc: All counsel of record (via ECF)