UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| FRANCIS DIDONATO on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP, FINANCIAL ASSET MANAGEMENT SYSTEMS, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case Number 1:20-cv-02154 (LGS) |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

The parties have informed the Court that certain documents and information have been and may be sought, produced, or exhibited by and between the parties in the above-captioned action (the "Action") and that some of these documents relate to the parties' and third parties' financial information, competitive information, or other types of sensitive information which the party making the production deems confidential.

It has been agreed by the parties to this Proceeding, through their respective counsel, that to preserve the confidentiality of certain documents and information, a protective order should be entered by the Court.

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure by and among the parties hereto, through their undersigned counsel, that the following provisions of this Stipulation and Protective Order (the "Stipulation and Order") govern disclosure and use by the parties of all documents, including but not limited to

electronically stored information, testimony, exhibits, interrogatory answers, responses to requests to admit, and any other materials and information produced or provided, in the above-referenced Proceeding.

The Court has reviewed the terms and conditions of this Protective Order.

Based on the parties' submissions, it is hereby ORDERED that:

1.    <u>DEFINITIONS</u>

    1.1.    <u>Party</u>:  Any named party to the Action, including its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    1.2.    <u>Discovery Material</u>:  All documents, items, or other information, regardless of the medium or manner generated, stored, or maintained (including, without limitation, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery requests in this matter.

    1.3.    <u>"Confidential" Information or Items</u>:  Information (regardless of how generated, stored, or maintained), testimony, or tangible things obtained during discovery in the Proceeding that the Disclosing Party reasonably and in good faith believes contains or would disclose non-public, confidential, personal, proprietary, financial, customer, client or commercially sensitive information, confidential trade secrets or non-public research that requires the production provided in this Stipulation and Order, including, but not limited to, any information that constitutes confidential information under the Federal Rule of Civil Procedure 26(c) or applicable laws or information (including Personal Data as defined in section 1.8) of which applicable law requires the equivalent of "Confidential" treatment as set forth in this Stipulation.  Confidential Information shall not include

information that is public or that after disclosure becomes public other than by an act or omission of the Receiving Party.

    1.4.  "Highly Confidential" Information or Items:  "Confidential" Information or Items that the Disclosing Party reasonably and in good faith believes contains (a) material regarding business strategy, trade secrets and other commercial or financial information, the disclosure of which to another Party or non-party would create a substantial risk of causing the Disclosing Party to suffer significant competitive or commercial disadvantage; or (b) Personal Data, as defined in section 1.8, including, but not limited to, social security numbers; home telephone numbers and addresses; tax returns; medical, personal credit and banking information; and personal financial information. Highly Confidential Information shall not include information that is public or that after disclosure becomes public other than by an act or omission of the Receiving Party or by a person who has no legal right to make the information public. Highly Confidential information also includes information as to which applicable law requires the equivalent of "Highly Confidential" treatment as set forth in this Stipulation.

    1.5.  Disclosing Party:  A Party or non-party that produces Discovery Material in the Proceeding.

    1.6  Receiving Party:  A Party that receives Discovery Material from a Disclosing Party in the Proceeding.

    1.7  Designating Party:  A Party or non-party that designates Discovery Material as "Confidential" or "Highly Confidential."

    1.8  Personal Data:  Any information that a Party believes in good faith to be subject to data protection laws or other privacy obligations. Personal Data constitutes

materials requiring special protection. Examples of such data protection laws potentially include but are not limited to: The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Other examples of Personal Data may include, but are not limited to, an individual's social security number, an individual's account number, credit or debit card number that would permit access to an individuals' financial accounts, and driver's license numbers or non-driver identification card numbers. Nothing in this paragraph shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Personal Data."

1.9.   Protected Material:   Any Discovery Material that is designated as "Confidential" or "Highly Confidential."

1.10.   Outside Counsel:   Attorneys, paralegals, and other law firm personnel, employees and contractors who are not employees of a Party but who are retained to represent or advise a Party in the Proceeding.

1.11.   In-House Counsel:   Attorneys, paralegals, other legal department personnel and compliance department personnel who are employees of a Party, to whom disclosure of Discovery Material is reasonably necessary for this litigation.

1.12.   Counsel (without qualifier):   Outside Counsel and In-House Counsel (as well as their support staffs).

1.13.   Principal:   An owner, officer, or executive of any Party whose identity as an owner, officer, or executive has been disclosed to all other Parties.

1.14.   Expert:   A person who is not an owner, director, officer, or employee of a Party, who has specialized knowledge or experience in a matter pertinent to this litigation,

who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the prosecution or defense of the Proceeding, including his or her employees and support personnel. This definition includes, without limitation, professional jury or trial consultants retained in connection with this litigation.

    1.15.  <u>Professional Vendors:</u>  Persons or entities that provide litigation support services *(e.g.,* photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    2.    <u>USE OF DISCOVERY MATERIALS IS LIMITED TO THIS CASE.</u>  Subject to the provisions of paragraphs 13 and 15, Discovery Material may be used by the Receiving Party solely for purposes of the prosecution or defense, including any settlement thereof, of the Proceeding, and for no other purpose whatsoever.

    3.    <u>DESIGNATING MATERIAL.</u>  The Disclosing Party may, subject to the provisions of this Stipulation and Order, designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The Disclosing Party shall apply a confidentiality designation only when the party has a reasonable, good faith basis that the information so designated constitutes "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material. The protections conferred by this Stipulation and Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might disclose Protected Material to persons not authorized to receive such material. Where the designation of "Confidential" or "Highly Confidential" is based on the presence of Personal Data,

the Disclosing Party may designate the material as "PERSONAL DATA — CONFIDENTIAL" or "PERSONAL DATA — HIGHLY CONFIDENTIAL," respectively.

3.1.   Manner and Timing of Designations:   Except as otherwise provided in this Stipulation and Order or as otherwise stipulated or ordered, Discovery Material must be designated for protection under this Stipulation and Order by clearly designating the material before it is disclosed or produced.

3.2.   The designation of materials as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be made as follows:

a)   For ESI, by either (1) imprinting "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the face of each page of a document so designated; (2) affixing a stamp with "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the medium on which the electronic data is stored when copies are delivered to a Receiving Party; or (3) designating the production as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the transmittal cover letter.

b)   For produced documents, by imprinting the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the face of each page of a document so designated or in a similarly conspicuous location for non-document materials.

c)   For written discovery responses, by imprinting the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" next to or above any response to a discovery request or on each page of a response.

d)   For depositions, by indicating in the record at the deposition which portions of the transcript and/or responses shall be treated as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL." Alternatively, within thirty (30) days after receipt of the transcript or recording of such deposition or other pretrial or trial proceeding, the offering or sponsoring Party may designate such transcript or recording or any portion or portions thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by notifying all Parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as Confidential Discovery Material or Highly Confidential Discovery Material. All transcripts or recordings of depositions shall be treated as "HIGHLY CONFIDENTIAL" for thirty (30) days after receipt of the transcript or recording or until written notice of a designation is received, whichever occurs first.

e)      For all other Discovery Material, by placing or affixing on each page of such material (in such manner as will not interfere with the legibility thereof) a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation.

f)      The same procedures as set forth in this section 3.2 shall apply to the designation of material as "PERSONAL DATA — CONFIDENTIAL" and "PERSONAL DATA — HIGHLY CONFIDENTIAL."

3.3.    Upward Designation of Information or Items Produced by Other Parties or Non-Parties: Subject to the standards of paragraph 3, a Party may upward designate (i.e., change any Discovery Material produced without a designation to a designation of "Confidential" or "Highly Confidential" or designate any Discovery Material produced as "Confidential" to a designation of "Highly Confidential") any Discovery Material produced by another party or non-party, provided that said Discovery Material contains the upward designating Party's own trade secrets or other

confidential research, development, financial, personal, or commercially sensitive information, or otherwise is entitled to protective treatment under Federal Rule of Civil Procedure 26(c) or other law.

3.3.1.   Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated within thirty (30) days of production by the Disclosing Party. Failure to upward designate within thirty (30) days of production, alone, will not prevent a Party from obtaining the agreement of all Patties to upward designate certain Discovery Material or from moving the Court for such relief. Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth in paragraph 9 regarding challenging designations.

3.3.2.   In addition, it is possible that a Party may conclude that certain Discovery Material or Personal Data should be given alternative or additional protections beyond those afforded by this Stipulation and Order, in which event the Parties shall meet and confer in good faith in order to try to arrive at a mutually agreeable solution, and if unsuccessful, the party seeking such treatment shall present the issue to the Court for resolution. However, nothing in this paragraph shall prevent any Discovery Material that has already been produced from being shown to a deponent at his or her deposition consistent with the terms of this Stipulation and Order unless a request for alternative or additional protections for that specific Discovery Material has been made in writing at least five (5) business days prior to the date of the deposition. Nothing in this paragraph shall be used to imply that any particular law applies or does not apply, or that any applicable law would or would not permit the production of certain data.

4.    DISCLOSURE OF DISCOVERY MATERIAL PROTECTED BY THE
      ATTORNEY-CLIENT PRIVILEGE, OR WORK PRODUCT DOCTRINE.

4.1.    This Stipulation and Order is without prejudice to any Disclosing Party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and work product doctrine, and is without prejudice to any other party's right to contest such a claim of privilege or protection.

4.2.    Consistent with Federal Rule of Evidence 502(d), if a Party or non-party notifies any other Party that it disclosed Discovery Material that is protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity ("Privileged Material"), the disclosure shall not be deemed a waiver in whole or in part of the applicable privilege or protection, either as to the specific material or information disclosed or as to any of the matter.

4.3    If the Disclosing Party believes that Privileged Material was produced, the Disclosing Party shall notify in writing any party to which it produced the material of the claim of privilege or protection and the basis for such claim to the extent required by Federal Rule of Civil Procedure 26 (a "Privileged Material Notice").

4.3.1.    Within five (5) business days of receipt of a Privileged Material Notice, the party to whom the Privileged Material was produced shall provide a certification of Counsel that all such disclosed Discovery Material (and any copies thereof) has been sequestered (as provided below) returned or destroyed, and shall not use such items for any purpose until further order of the Court. The obligations to destroy Privileged Material does not apply to material stored in a manner that makes it unreasonably difficult to destroy, in particular material that is (i) stored

on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes or (ii) located in the email archive system or archived electronic files of departed employees, but such retained material shall be treated in accordance with the Stipulation and Order.   Notwithstanding the foregoing, the Receiving Party may sequester a copy of relevant Privileged Material, in a secure medium that is segregated from any general document depositories that Receiving Party has established, for purposes of evaluating the claim of privilege, and of bringing a good faith motion for an order allowing use of such Privileged Material in the Proceeding as provided in ¶4.5 below, which motion (unless the Disclosing and Receiving Party otherwise agree) must be brought, under seal, within 30 days of receipt of the Privileged Material  Notice.

4.4.    If the Receiving Party determines that it has received Discovery Material that constitutes Privileged Material, the Receiving Party shall destroy or return all copies of such Discovery Material to the Disclosing Party within ten (10) business days of the discovery of such information and shall provide a certification of Counsel that all such disclosed Discovery Material (and any copies thereof) has been returned or destroyed, and shall not use such items for any purpose until further order of the Court. When appropriate, the Disclosing Party will provide a redacted version of such Discovery Material to the Receiving Party within five (5) business days of the discovery of such Discovery Material.

4.5.    Should the party to whom the Privileged Material was produced seek to challenge the designation of such material as privileged or protected, it shall notify the Disclosing Party in writing and not use or disclose the material until the claim is resolved. Following the receipt of any objection, the objecting party and the Disclosing Party shall

meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the material as privileged or protected. If the parties cannot resolve their disagreement, the objecting party shall promptly present the issue to the Court for a determination of the Disclosing Party's claim of privilege or protection. The production of Privileged Material, whether inadvertent or otherwise, shall not itself serve as the basis of the motion. While any such motion is pending, the Discovery Material subject to that motion will be treated as privileged or protected until the Court rules. If the Court determines that such material is privileged or protected, the Receiving Party shall (to the extent it has not already done so, *e.g.* as required under section 4.3.1), return or destroy such disclosed Privileged Material and all copies thereof within (5) five business days of the Court's ruling.

4.6.    In the event a Receiving Party reasonably incurs (or expects to incur) material costs or expenses in destroying or returning Privileged Material in response to a Privileged Material Notice, this Stipulation and Order shall have no effect on (a) a Receiving Party's right to seek relief from the Court, including an Order providing for shifting or allocating such costs or expenses, in whole or in part, to the party responsible for issuing the Privileged Material Notice, or (b) any Party's right to oppose any such request for relief, and any such rights are instead expressly reserved.

5.    <u>INADVERTENT    FAILURE    TO    IDENTIFY    MATERIALS    AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL"</u>:    Any Party who inadvertently fails to identify Discovery Material as "Confidential" or "Highly Confidential" shall have thirty (30) days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing the Receiving Party written notice of the error and substituted copies of the inadvertently produced Discovery Material. The Receiving Party shall thereafter treat the information as Confidential or

Highly Confidential Discovery Material. To the extent such information may have been disclosed to anyone not authorized to receive Confidential or Highly Confidential Discovery Material under the terms of this Stipulation and Order, the Receiving Party shall make reasonable efforts to retrieve the Discovery Material promptly and to avoid any further disclosure. Should any Party seek to designate (or "upward designate" under paragraph 3.3) for the first time as "Confidential" or "Highly Confidential" any Discovery Material less than five (5) days before the date of a duly-noticed deposition of a deponent, then, notwithstanding any provision herein to the contrary, such Discovery Material may be shown to that deponent at his or her deposition provided that (a) the deponent is a current employee of the Disclosing Party (or, where relevant, of the "upward designating" party); or (b) the requirements of paragraph 6.1(i)(2) have been satisfied.

6.      ACCESS TO AND USE OF PROTECTED MATERIAL.

    6.1.    <u>Disclosure of Confidential Information Documents:</u> Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a Receiving Party may disclose any information or item designated as "Confidential" only to the following persons:

        a)     The Court and court personnel in the Proceeding and any appellate court in the Proceeding.

        b)     The Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information for the Proceeding and their legal, clerical, or support staff, including temporary or contract staff.

        c)     The Receiving Party's In-House Counsel to whom it is reasonably necessary to disclose the information for the Proceeding.

        d)     The Parties' insurers and insurers' counsel participating in matters relating to the Proceeding and their legal, clerical, or support staff, including temporary or contract staff.

e)      No more than four (4) of the Receiving Party's Principals who have signed the Acknowledgment, except that, upon identification of that Principal, any to first meet and confer with the Receiving Party and then Disclosing Party shall have five (5) days to petition the Court to challenge the Principal's status as a Principal to whom Confidential Information may be disclosed. Pending a decision whether Confidential Information may be disclosed to such a Principal, no Confidential Information shall be disclosed to that Principal without the consent of the Disclosing Party.

f)      Professional court reporters, their staffs, video operators transcribing deposition or testimony in the Proceeding and Professional Vendors to whom disclosure is reasonably necessary for the Proceeding.

g)      Persons who Counsel have a good faith basis to believe are authors or recipients (including those referenced as "cc" or "bcc" recipients on a document (collectively, "cc's")) of the Confidential Discovery Material or who had access to or the authority to access or obtain such Confidential Discovery Material in the normal or authorized course of business (including but not limited to such Person's supervisor(s) at or after the time the material was created).

h)      Any person who is a current employee of the Disclosing Party.

i)      Any witness who is called, or who counsel for a Party in good faith believes may be called, to testify at trial or deposition in this action, provided that (1) the testimony of such person has been duly noticed, or such person has been identified as a person with knowledge in a party's initial disclosures or responses to interrogatories, or has been listed on a party's pre-trial witness list; and (2) such person has either (a) executed the Acknowledgment; or (b) been provided with a

copy of this Stipulation and Order, and has been informed of the obligation not to disclose any information from any Protected Material to persons other than those specifically authorized by the Stipulation and Order without express written consent of the party who designated the information as Protected Material or order of the Court.

j)      Any Expert or Consultant to whom disclosure is reasonably necessary for the Proceeding, provided that the Expert or Consultant first executed the Acknowledgment, and further provided that any report created by such Expert that relies on or incorporates Confidential Discovery Material in whole or in part shall be designated as "CONFIDENTIAL" by the party responsible for its creation.

k)      Any outside photocopying, data processing, graphic production services, litigation support services, mock jurors, or investigators employed by the Parties or their Counsel to assist in the Proceeding and computer personnel performing duties in relation to a computerized litigation system.

l)      Any mediator or arbitrator engaged by the Parties to the Proceeding, provided such person has first executed the Acknowledgment.

m)      Any other person or entity who counsel for the Disclosing Party agrees, after conferring in good faith, should have access to Confidential Discovery Material or who, upon motion with good cause shown, or upon application made by a Party (including by application made in the course of a deposition where the ability to show such material to the deponent is at issue), the Court orders may have access.

6.2.    Disclosure of "Highly Confidential" Information: Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a Receiving Party may disclose information of items designated as "Highly Confidential" only to the following persons, provided however, that persons set out in Sections 6.2(c),(g), (h), (i) and (j) will sign the Acknowledgement prior to disclosure[1]:

a)    The Court and court personnel in the Proceeding and any appellate court in the Proceeding.

b)    The Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information for the Proceeding and their legal, clerical, or support staff, including temporary or contract staff.

c)    The Parties' insurers and insurers' counsel participating in matters relating to the Proceeding and their legal, clerical, or support staff, including temporary or contract staff.

d)    Professional court reporters, stenographers, video operators transcribing depositions or testimony in the Proceeding and Professional Vendors to whom disclosure is reasonably necessary for this litigation.

e)    Any person who Counsel has a good faith basis to believe authored or previously received the Highly Confidential Discovery Material (including "cc's"), or who had access to such Highly Confidential Discovery Material in the normal course of business in their capacity as a co-worker in the same business

---

[1] For the avoidance of doubt, persons that previously signed the Acknowledgement associated with the Stipulation and Order must sign the Acknowledgment associated with this Stipulation and Order.

unit or as a direct or indirect supervisor of or compliance monitor of an author, recipient or "cc" of such material.

f)      During the conduct of their depositions, to anyone who is either (i) a current employee of the Disclosing Party, provided that the requirements of paragraph 6.1(i)(2) have been satisfied, or (ii)a former officer of the Disclosing Party, provided that they were employed by the Disclosing Party when the Highly Confidential material was created and provided that the requirements of paragraph 6.1(i)(2) have been satisfied or (iii) any fact witness that the Disclosing Party determines in good faith that disclosure is reasonably necessary and appropriate to assist in the conduct of the proceedings and the requirements of 11 6.1(i)(2) have been satisfied.

g)      Any Expert or Consultant whom disclosure is reasonably necessary for this litigation, provided that to the best of the Receiving Party's knowledge, the Expert or Consultant is not employed by or otherwise retained by any competitor of the Disclosing Party, and provided that the Expert has first executed the Acknowledgment, and further provided that any report created by such Expert that relies on or incorporates Highly Confidential Discovery Material in whole or in part shall be designated as "HIGHLY CONFIDENTIAL" by the party responsible for its creation.

h)      Any outside photocopying, data processing, graphic production services, litigation support services, mock jurors, or investigators employed by the parties or their counsel to assist in the Proceeding and computer personnel performing duties in relation to a computerized litigation system.

i)      Any mediator or arbitrator engaged by the named parties to the Proceeding, provided such person has first executed the Acknowledgment.

j)      Any person or entity who counsel for the Disclosing Party agrees, after conferring in good faith, should have access to Highly Confidential Discovery Material or who, upon motion with good cause shown, or upon application made by a Party (including by application made in the course of a deposition where the ability to show such material to the deponent is at issue), the Court orders may have access.

6.3.    Disclosure of Personal Data: To the extent that any Discovery Material is designated "Personal Data — Highly Confidential" or "Personal Data — Confidential," the Receiving Party shall, in addition to whatever obligations are imposed under section 8 below, meet and confer with the Disclosing Party before producing such Discovery Material to a non-signatory to this Stipulation.

7.      RESPONSIBILITY FOR COMPLIANCE. The Party's counsel who discloses "Confidential" or "Highly Confidential" Discovery Material shall be responsible for assuring compliance with the terms of this Stipulation and Order with respect to persons to whom such "Confidential" or "Highly Confidential" Discovery Material is disclosed and shall obtain and retain the original Acknowledgements executed by qualified recipients of "Confidential" or "Highly Confidential" Discovery Material (if such execution is required by the terms of this order). If it comes to a Party or non-party's attention that any Discovery Materials that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation.

8.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.</u>

8.1.   If, at any time, any Discovery Materials governed by this Stipulation and Order are subpoenaed by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person or entity to whom the subpoena is directed shall, to the extent permitted by applicable law and the rules and requirements of any relevant governmental or regulatory authority, promptly, shall object to the production of any Discovery Materials based on the obligations under this Stipulated Protective Order and in no event more than five (5) business days if reasonably practicable, give written notice to the Disclosing Party and must include a copy of the subpoena or request.

8.2.   The person or entity to whom the subpoena is directed also must immediately inform in writing the party who caused the subpoena to issue that some or all of the material covered by the subpoena is the subject of this Stipulation and  Order and deliver a copy of this Stipulation and Order promptly to the party.

8.3.   The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulation and Order and to afford the Disclosing Party in this case an opportunity to protect its confidentiality interest in the court from which the subpoena or order is issued. The Disclosing Party shall bear all responsibility for any further objections to the production of such Discovery Materials, except that the person or entity receiving any subpoena shall not voluntarily make any production of another's "Confidential" or "Highly Confidential" Discovery Materials until resolution of any objections interposed by the Disclosing Party, unless compelled by court order issued after giving notice to the Disclosing Party. Nothing in this Stipulation and Order shall be construed as authorizing

or requiring a person or entity to disobey any law, court order, or information request or subpoena from any federal, or state agency or self-regulatory organization requiring the production of Discovery Materials, or as limiting the authority of the Court.

9.      CHALLENGES TO DESIGNATIONS AND ACCESS.  Entry of this Stipulation and Order shall be without prejudice to any Party's motion for relief from or the modification of the provisions hereof or to any other motion relating to the production, exchange, or use of any document or ESI, or other information in the course of the Proceeding. If, at any time, a Party objects to a designation of Discovery Materials as "Confidential" or "Highly Confidential," or disputes the limitations on access to be accorded such information under this order, that Party shall notify the Disclosing Party, in writing, of its disagreement and specifically identify the document or information or restriction on access in dispute. Following receipt of such notification, counsel for the Disclosing Party and the Party challenging the designation shall meet and confer in an effort to resolve any disagreement. If, despite their good faith effort, the Parties do not resolve their disagreement within ten (10) days of the Disclosing Party's receipt of the written notice, either Party may thereafter petition the Court, consistent with the governing local rules and individual practices, on the propriety of the designation. It is the burden of the Party seeking protection under this order to demonstrate that the "Confidential" or "Highly Confidential" designation is appropriate. If a Party timely applies to the Court for a ruling on the designation, then until the Court rules on that motion, the Discovery Materials in question shall continue to be treated as "Confidential" or "Highly Confidential" under this Stipulation and Order, and a challenge under this paragraph shall not affect a Party's right of access to "Confidential" or "Highly Confidential" Discovery Material or to disclose information as provided for in this Stipulation and Order. A Party does not waive its right to challenge a "Confidential," "Highly Confidential," or "Personal Data — Confidential," or "Personal Data —

Highly Confidential" designation by not electing to mount a challenge promptly after the original designation is made.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.  If a Receiving Party learns that, by inadvertence, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and Order; (d) demand that the person or person to whom unauthorized disclosures were made return and not retain any copies of the Protected Materials and make reasonable efforts to delete any copies, electronic or otherwise; and (e) request such person or persons to execute the Acknowledgement that is attached hereto as Exhibit A.

11.    SUBMITTING  "CONFIDENTIAL"  AND  "HIGHLY  CONFIDENTIAL" MATERIAL TO THE COURT.  If a Party wishes to file a document containing "Confidential" or "Highly Confidential" material with the Court, they shall follow Section I.D.3 of Judge Schofield's Individual Rules and Procedures with respect to pretrial requests for filing under seal..

12.    DOCUMENTS UNDER SEAL.  Each party shall use its best efforts to minimize filings that necessitate the filing of documents and materials designated Confidential under seal. No party or other person may have access to any sealed document from the files of the Court without an order of the Court after giving notice to the parties.  This provision does not relieve the filing party of serving the document on other parties in accordance with ordinary procedures established by the civil and local rules or Court order.  Regardless of any provision in this Order

to the contrary, a party does not have to file a document under seal if the Confidential Information

contained or reflected in the document was so designated solely by that party. **The parties shall comply with the Court's Individual Rules for filing documents under seal.**

13.   USE   AND   DISCLOSURE   OF   INDEPENDENTLY   OBTAINED

INFORMATION.  Nothing herein shall impose any restriction on the use or disclosure by a Party

or its agent of its own information, or of publicly available information, or of information lawfully

available to that party, or of information that lawfully came into the possession of the Party

independent of any disclosure of Discovery Material made in the Proceeding.

14.   ADVICE TO CLIENT.  Nothing in this Stipulation and Order will bar or otherwise

restrict counsel from rendering advice to his or her client with respect to this matter or from

generally referring to or relying upon "Confidential" or "Highly Confidential" material in

rendering such advice so long as counsel does not specifically disclose the substance of the

"Confidential" or "Highly Confidential" material.

15.   DURATION OF ORDER/RETURN OF "CONFIDENTIAL" AND "HIGHLY
      CONFIDENTIAL" INFORMATION.

15.1.   All provisions of this Stipulation and Order restricting the use of

"Confidential" or "Highly Confidential" information shall continue to be binding after the

conclusion of the Proceeding unless otherwise agreed or ordered by the Court. Within forty-

five (45) days of the conclusion of the Proceeding (whether by entry of a final order of

dismissal, judgment, settlement, or disposition on appeal, or otherwise, and where the time

for any further appeals has expired), the Receiving Party will inform all people to whom it

provided Confidential or Highly Confidential Discovery Material under Section 6 who

were required to sign the Acknowledgement that they are obligated to make commercially

reasonable efforts to destroy all such materials and copies or return all such materials to the

Receiving Party and provide a written statement certifying destruction or return. Within

sixty (60) days of the conclusion of the Proceeding (whether by entry of a final order of

dismissal, judgment, settlement, or disposition on appeal, or otherwise, and where the time

for any further appeals has expired), all Parties in receipt of Confidential or Highly

Confidential Discovery Material shall make commercially reasonable efforts to destroy all

such materials and copies and shall send a written statement to the Designating Party

certifying that the Receiving Party destroyed all such materials and that all people to whom

the Receiving Party provided Confidential or Highly Confidential Discovery Material under

Section 6 who were required to sign the Acknowledgement, either returned all such

materials to the Receiving Party or destroyed them. Alternatively, at the option of the

Designating Party, a Designating Party may request that all Designated Material it produced

be returned for its own disposition. The Receiving Party and all people to whom the

Receiving Party provided Confidential or Highly Confidential Discovery Material under

Section 6 who were required to sign the Acknowledgement, are not required to return or

destroy Confidential Material that (i) is stored on backup storage media made in accordance

with regular data backup procedures for disaster recovery purposes; (ii) is located in the

email archive system or archived electronic files of departed employees; or (iii) is subject

to legal hold obligations provided however, that these materials continue to be subject to

the terms of this Stipulation and Order. Backup storage media will not be restored for

purposes of returning or certifying destruction of Confidential or Highly Confidential

Discovery Material but such retained information shall continue to be treated in accordance

with the Stipulation and Order. Counsel of record shall also be permitted to keep a copy of

Confidential or Highly Confidential Discovery Material only to the extent that it is

incorporated into any pleadings, motions or other work product as counsel reasonably

deems necessary to the proper maintenance of counsel's files with respect to this action. In that case, counsel of record shall continue to treat the Confidential or Highly Confidential Discovery Material in accordance with this Stipulation and Order and shall not use the Confidential or Highly Confidential Discovery Material for any other purpose or in any other litigation, arbitration or proceeding. Upon request, counsel of record shall certify in writing that they have complied with this paragraph.

16.     RESERVATION OF RIGHTS.  Nothing contained in this Stipulation and Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a Party or a Party opponent. Nothing in this Stipulation and Order shall be deemed an admission that any particular information designated as "Confidential" or "Highly Confidential" is entitled to protection under the Stipulation and Order, Rule 7026 of the Federal Rules of Bankruptcy Procedure and Federal Rule of Civil Procedure 26(c), or any other law. Nothing in this Stipulation and Order shall be construed as granting any person or entity a right to receive specific "Confidential" or "Highly Confidential" information where a court has entered an order precluding that person or entity from obtaining access to that information. The Parties specifically reserve the right to challenge the designation of any particular information as "Confidential" or "Highly Confidential" and agree that by stipulating to entry of this Stipulation and Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Order. Similarly, no Party waives any right to object on any ground to introduction or use as evidence of any of the Disclosure or Discovery Material covered by this Stipulation and Order.

17.     STANDARD OF CARE.  The recipient of any "Confidential" or "Highly Confidential" Discovery Material shall maintain such material in a secure and safe area and shall

exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient to safeguard against unauthorized or inadvertent disclosure of such material. "Confidential" or "Highly Confidential" Discovery Material shall not be copied, reproduced, extracted or abstracted, except to the extent that such copying, reproduction, extraction or abstraction is reasonably necessary for the conduct of the Proceeding. All such copies, reproductions, extractions, and abstractions shall be subject to the terms of this Stipulation and Order and labeled in the same manner as the designated material on which they are based. The recipient of Personal Data shall protect these materials with the same degree of care that they use to protect and safeguard their own like information, but not less than the degree of care required of financial institutions to meet their own obligations as to such data given its sensitivity and value. Such measures shall include, but are not limited to, maintaining the data in encrypted form when not being used, restricting access to the data to persons employed by counsel or experts who are actively assisting counsel and experts in the Actions, and ensuring that the data is not copied, reproduced, extracted or abstracted except to the extent that such acts are reasonably necessary for the conduct of the Actions. Any such copies, reproductions, extractions or abstractions are Personal Data and are subject to the same restrictions and controls.

    18. <u>USE AND DISCLOSURE OF OWN INFORMATION.</u> Nothing in this Stipulation and Order shall be construed to limit any Disclosing Party's use or disclosure of its own documents, materials, or information that have been designated as "Confidential" or "Highly Confidential" pursuant to this Stipulation and Order.

    19.   <u>EFFECT ON OTHER AGREEMENTS.</u>  Nothing in this Stipulation and Order shall be construed to effect, amend, or modify any existing confidentiality agreements between, or protective orders applicable to. any of the Parties hereto.

20.   MODIFICATION.  This Stipulation and Order may be changed only by agreement of the Parties or by an order of this Court. Except as provided herein, this  Stipulation and Order shall not prejudice the right of any Party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modification of this Stipulation and Order upon due notice to all other Parties and affected non-parties.

21.   THIRD-PARTY DISCOVERY.

21.1.   The Parties shall serve a copy of this Stipulation and Order simultaneously with any discovery request made to a non-party in the Proceeding. Any Party shall be entitled to seek and enforce compliance with any non-party subpoena served in this matter by any other Party.

21.2.   A non-party from whom discovery is sought by one or more Parties to the Proceeding may designate Discovery Material that it produces as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" consistent with section 3 and the other terms of this Stipulation and Order and may request additional protections in accordance with Section 3.3.2. Under such circumstances, Discovery Material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PERSONAL DATA — CONFIDENTIAL" or "PERSONAL DATA — HIGHLY CONFIDENTIAL" by a non-party shall be assigned the same protection as Discovery Material so designated by a Disclosing Party, and all duties applicable to a Disclosing Party under this Stipulation and Order shall apply to the non-party.

22.   NEW PARTIES TO THE PROCEEDING. In the event that additional persons or entities become parties to the Proceeding. such parties shall not have access to Confidential or Highly Confidential Material produced by or obtained from any Disclosing Party until

the newly joined parties or their counsel endorse a copy of the Acknowledgement and file it with the Court.

23.     COURT RETAINS JURISDICTION. The Court retains jurisdiction even after final disposition of this litigation to enforce this Stipulation and Order by the sanctions set forth in Rule 37 of the Federal Rules of Civil Procedure and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Stipulation and Order in contempt and to make such amendments, modifications, deletions, and additions to this Stipulation and Order as the Court may from time to time deem appropriate.

24.     EXECUTION. This Stipulation and Order may be executed in counterparts. This Stipulation and Order shall become effective as a stipulation as among the executing Parties immediately upon its execution by such executing Parties.

**SO STIPULATED AND AGREED:**

Dated:  September __, 2020

**BOIES SCHILLER FLEXNER LLP**

So Ordered.

By:     */s/ George F. Carpinello*
George F. Carpinello
Adam R. Shaw
30 South Pearl Street
Albany, New York 12207
(518) 434-0600

Dated: October 6, 2020
         New York, New York

**SMITH LAW GROUP**

Austin C. Smith, Esq.
3 Mitchell Place, Suite
New York, NY 10017
(917) 992-2121

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

*Counsel for Plaintiff Francis DiDonato*

26

Dated: October __, 2020

**L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.**

By: _____

Matthew J. Bizzaro
1001 Franklin Ave
Garden City, NY 11530
Tel: (516) 294-8844
Fax: (516) 294-8202
Email: mbizzaro@lbcclaw.com

*Counsel for Financial Asset Management Systems, Inc.*


Dated: October __, 2020

**KAUFMAN DOLOWICH & VOLUCK, LLP**

By: /s/ Richard J. Perr_____

Richard J. Perr
Four Penn Center
1600 John F. Kennedy Blvd.
Suite 1030
Philadelphia, PA 19103
Tel: (215) 501-7002
Fax: (215) 405-2973
Email: rperr@kdvlaw.com

*Counsel for GC Services Limited Partnership*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| FRANCIS DIDONATO on behalf of himself and all others similarly situated | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case Number 1:20-cv-02154 (LGS) |
| GC SERVICES LIMITED PARTNERSHIP, FINANCIAL ASSET MANAGEMENT SYSTEMS, INC. | ) ) ) ) | |
| Defendants. | ) ) ) | |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY STIPULATION AND ORDER OF CONFIDENTIALITY

Under penalty of perjury, 28 U.S.C. §1746, declare as follows:

1.      Information, including documents and things, designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as defined in the Stipulation and Order of Confidentiality entered in the above-captioned Actions (the "Stipulation and Order"), is being provided to me pursuant to the restrictions of the Stipulation and Order.

2.      I have been given a copy of and have read the Stipulation and Order.

3.      I am familiar with the terms of the Stipulation and Order, and I agree to comply with and to be bound by its terms.

4.      I submit to the jurisdiction of the United States District Court for the Southern District of New York for enforcement of the Stipulation and Order.

5.      I acknowledge that violation of the Stipulation and Order may result in penalties for contempt of court.

6.      I agree to not use any Confidential or Highly Confidential Discovery Materials disclosed to me pursuant to the Stipulation and Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Stipulation and Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

7.      Specifically, I agree not to use the Confidential or Highly Confidential Discovery Material for any other purpose or in any other litigation, arbitration or proceeding.

8.      I agree to return or destroy any Confidential or Highly Confidential Discovery Materials disclosed to me pursuant to Section 15.1 of this Stipulation and Order.

9.      I agree to abide by Section 8 of this Stipulation and Order to the extent I, or my company, receives a subpoena for any Confidential or Highly Confidential Discovery Materials.

10.     I agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Stipulation and Order and of its binding effect on them and me.

Name: _____

Job Title: _____

Employer: _____

Signed at [PLACE], this_____day of _____, 2020.