```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
FRANCIS DIDONATO,                                             :
                                          Plaintiff,          :        20 Civ. 2154 (LGS)
                                                              :
                          -against-                           :        ORDER
                                                              :
GC SERVICES LIMITED PARTNERSHIP, et al.,                      :
                                          Defendants.         :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on February 4, 2021, Defendant GC Services Limited Partnership ("GCS") filed a pre-motion letter in anticipation of a motion to strike the Declaration of John DeBois (Dkt. No. 89) in support of Plaintiff's motion for class certification (Dkt. No. 87), on the grounds that (1) Plaintiff did not disclose Mr. DeBois as a potential expert witness prior to filing his Declaration and (2) Plaintiff did not provide any materials establishing the admissibility requirements under Federal Rule of Evidence 702.  Dkt. No. 153.  GCS contends that Mr. DeBois "asserts opinions on the number of educational loans at issue that exceed the cost of attendance and which loans were [sic] made to attend eligible educational institutions . . . ." *Id.*

WHEREAS, on February 8, 2021, Plaintiff filed a responsive letter to GCS's February 4, 2021, pre-motion letter.  Dkt. No. 156.  Plaintiff contends that Mr. DeBois is not an expert witness and explains that, "[h]e was asked to run a simple computer calculation comparing the amount of the loans disclosed by Navient and serviced by Defendants with the federal IPEDS database to determine how many loans, on their face, exceeded the cost of attendance as reported by relevant schools to the federal government.  He also added up the number of borrowers who did not attend Title IV institutions as reported on Navient's own spreadsheet." *Id.*

WHEREAS, expert testimony is not required for "simple arithmetic calculations." *New York v. United Parcel Serv., Inc.*, 942 F.3d 554, 596 (2d Cir. 2019) (finding that expert testimony was not needed to submit the quantity of packages and cartons UPS shipped for each liability shipper,

particularly where the parties could rely on Excel to assist in those calculations).

WHEREAS, Federal Rule of Evidence 702 pertains to the admissibility of *expert* testimony. It is hereby

**ORDERED** that, GCS's February 4, 2021, pre-motion letter is construed as a motion to strike and such motion is **DENIED**. Mr. DeBois, who performed simple computer calculations, is not acting as an expert witness. The Federal Rule of Civil Procedure 26 requirements for expert witness disclosures and Federal Rule of Evidence 702 requirements for admissibility of expert testimony, therefore, do not apply to Mr. DeBois's testimony. It is further

**ORDERED** that, if needed to understand how Mr. DeBois conducted his computer calculations, GCS may depose Mr. DeBois on the earliest possible date. By **February 12, 2021**, GCS shall file a letter indicating whether it intends to depose Mr. DeBois and if so providing, a proposed date for such deposition.

Dated: February 10, 2021
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**